UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINDEN PICTURES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DENTISTRY TODAY, INC.,<br><br>    Defendant. | Civ. No. 22-2809 (KM) (JRA)<br><br>**OPINION AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the Court on the motion of the plaintiff, Minden Pictures, Inc. ("Minden"), for a default judgment against the defendant, Dentistry Today, Inc. ("Dentistry Today"), pursuant to Fed. R. Civ. P. 55(b)(2). (DE 9.)[1] This action arises from Dentistry Today's alleged infringement of copyrights to a photographic image, of which Minden is the exclusive licensee. For the reasons expressed below, the motion is **GRANTED**.

**I. SUMMARY**

    **a. Factual Allegations**

    Minden is a provider of wildlife and nature stock photography. (Compl. ¶ 7.) It licenses these works for editorial, advertising, corporate, and non-profit use. (Compl. ¶ 8.) Minden is the exclusive licensee of the original photographic image appended to the complaint (the "Copyrighted Work") and assisted the author in registering the work with the United States Copyright

---

[1]     Certain citations to the record are abbreviated as follows:

        "DE" = docket entry number in this case

        "Compl." = Plaintiff's Complaint and Jury Demand (DE 1)

        "Mot." = Memorandum of Law in Support of Plaintiff's Motion for Default Judgment

Office. (Compl. ¶¶ 9-12, Exs. A, B.) Minden alleges that, on an unspecified date, it discovered that Dentistry Today had reproduced, distributed and public displayed the Copyrighted Work on its website without Minden's authorization.[2] (Compl. ¶ 14.) Minden asserts that Dentistry Today's conduct amounts to knowing and willful infringement of Minden's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. (Compl. ¶¶ 15, 20-21.)

### b. Procedural History

On May 13, 2022, Minden filed its complaint against Dentistry Today seeking, among other things, 1) a declaration that Dentistry Today willfully infringed Minden's copyrights, 2) an accounting of all revenue earned by Dentistry Today during the period in which it reproduced, distributed, or displayed the copyrighted work; 3) an award of "all gains, profits, property and advantages derived by Defendant from their acts of copyright infringement," or, in lieu thereof, should Minden elect, statutory damages as provided in 17 U.S.C. § 504(c), and 4) a permanent injunction enjoining Dentistry Today from directly or indirectly infringing upon Minden's copyrights. Dentistry Today was properly served on May 18, 2022, but failed to answer or otherwise respond to the complaint. On June 21, 2022, the Clerk entered default. (Entry following DE 8.) On August 19, 2022, Minden filed a motion for default judgment seeking 1) an order enjoining Dentistry Today from its acts of copyright infringement, and 2) an award of $10,000 in statutory damages under 17 U.S.C. § 504(c), plus attorney's fees, costs, and post-judgment interest. On October 28, 2022, I issued an order denying Minden's motion as presented, without prejudice to renewal, accompanied by the filing within 30 days of documents sufficient to establish Minden's standing to sue. (DE 10.) On November 18, 2022, Minden renewed its motion by letter, to which it attached its exclusive Agency Agreement with the author of the Copyrighted Work (the "Agency Agreement"), establishing its standing to bring the present action. (DE 11.)

---

[2]   Attached to Minden's complaint is an image that appears to be a screenshot of a page from Dentistry Today's website featuring the Copyrighted Work. (Compl. Ex. C.)

## II. DISCUSSION

### a. Legal Standard

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### b. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Here, the complaint was filed on May 13, 2022. (DE 1.) Dentistry Today was properly served on May 18, 2022. (DE 6.) Dentistry Today failed to answer or otherwise respond to the complaint by the deadline and the Clerk's entry of default was duly noted on June 21, 2022. Therefore, the prerequisites for default have been satisfied

### c. Three-Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

#### i. Factor One: Existence of a Meritorious Defense

As always, evaluation of the first factor is made difficult by the defendant's failure to answer or to oppose the motion for default judgment. Nevertheless, my independent review of the record does not suggest that the claims are legally flawed. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that Minden has successfully stated a claim for relief as against Dentistry Today.

To prevail on a claim of copyright infringement, Minden must 1) establish ownership of a valid copyright, and 2) unauthorized copying of protectable elements of the protected work. *Winstead v. Jackson*, 509 Fed. Appx. 139, 143 (3d Cir. 2013). Here, Minden has established that its Agency Agreement with the author of the Copyrighted Work grants it standing to sue for copyright infringement in the shoes of the copyright owner (*see, e.g., Stockfood Am., Inc. v. Adagio Teas, Inc.*,475 F. Supp. 3d 394, 411 (D.N.J. 2020)),[3] and the

---

[3] Section 2 of the Agency Agreement, as amended in 2021, provides:

> For the purposes of clarification, Photographer [*i.e.*, the author of the Copyrighted Work] acknowledges, affirms, agrees, represents and warrants that the Agreement intended to grant Agency [*i.e.,* Minden] all

4

screenshot it has submitted corroborates its allegation that that Dentistry Today engaged in "unauthorized copying." (*See* Agency Agreement; Compl. Ex. B).

I find that the facts as alleged make out a cause of action for copyright infringement.

### ii. Factors Two and Three: Prejudice to Minden and Dentistry Today's Culpability

The second and third factors also weigh in favor of default.

Dentistry Today was properly served in May but failed to appear, defend, or otherwise respond to the complaint. It is clear that Minden has been prejudiced by this dereliction because it has been "prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL

---

rights needed to act as the exclusive agent and syndicator of the Images, in any and all formats and media, whether now known or hereafter devised. As such, Photographer acknowledges, affirms, agrees, represents and warrants that Photographer has granted, through the Agreement, and does hereby grant, for valuable and good consideration, including but not limited to the provisions of services herein, receipt of which is hereby acknowledged, Agency the exclusive right to sell, syndicate, license, market or otherwise distribute the Images for use and exploitation, including but not limited to reproduction, further distribution, and public display, in any and all media now known or hereafter developed for any purpose whatsoever in the Territory (as defined in the Agreement) and, among other things, the right and ability, but not obligation, to pursue any present and future claims and causes of action against third parties related to the Images and such exclusive rights and copyrights. Agency shall have full discretion regarding the terms and conditions of any license or sublicense it might grant in connection with the Images without the need for prior consultation with Photographer, except as provided in the Agreement. Agency shall have the right and ability, but not the obligation, to register said works in Photographer's name, subject to Agency's sole and exclusive discretion and determination. To the extent that the terms in this Paragraph are not already in the Agreement, the Agreement is hereby modified to incorporate expressly the terms of this Paragraph, which supersede anything to the contrary in the Agreement.

4729023, at *4 (D.N.J. Oct. 5, 2011) (find that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

Additionally, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment.

### d. Remedies

#### i. Statutory Damages

Minden elects statutory damages under 17 U.S.C. § 504(c)(1). (Mot. at 6.) That section provides:

> Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c)(1). Minden asks for $10,000 in statutory damages, conceding that this appears to be a case of "ordinary infringement," as opposed to "willful infringement" that could warrant an enhancement of damages up to

6

$150,000 under § 504(c)(2). I find this request to be reasonable under the circumstances and will grant it accordingly. Minden is awarded statutory damages of $10,000.

### ii. Injunctive Relief

Minden requests an injunction against Dentistry Today, enjoining Dentistry Today from its acts of copyright infringement. (Mot. at 1, 11.) "[T]he Copyright Act provides that courts 'may' grant injunctive relief 'on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.'" *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 392 (2006) (quoting 17 U.S.C. § 502(a)). A plaintiff seeking a permanent injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* at 391; *accord Coffelt v. Fawkes*, 765 F.3d 197, 201 (3d Cir. 2014).

Minden has demonstrated all four prongs of the test. Minden has suffered copyright infringement that may continue if Dentistry Today does not discontinue its use of the Copyright Work and purge copies of it from its possession. Further, there are no hardships to Dentistry Today in preventing it from committing copyright infringement. Finally, preventing copyright infringement would not disserve the public interest. Thus, a permanent injunction is proper and Dentistry Today is ordered to discontinue its use of the Copyrighted Work and destroy all unauthorized copies of the Copyrighted Work in its possession.

### iii. Attorney's Fees and Costs

Minden also seeks an award of full costs and reasonable attorney's fees. Section 505 leaves an award of costs and reasonable attorney's fees up to the Court's discretion. 17 U.S.C. § 505. I will grant Minden's request. In accordance with Local Civil Rules 54.1 and 54.2, Plaintiff shall file its

application for costs and attorney's fees within 30 days of the entry of this Order.

## ORDER

For the foregoing reasons,

IT IS this 28th day of November, 2022,

ORDERED that the motion (DE 9) for default judgment is granted, and the proposed default judgment will be entered against Dentistry Today, and in favor of Minden, in a total amount of $10,000, plus post-judgment interest pursuant to 28 U.S.C. §1961; and

IT IS FURTHER ORDERED that Dentistry Today is enjoined from infringing on Minden copyrights and ordered to destroy all unauthorized copies of the Copyrighted Work in its possession; and

IT IS FURTHER ORDERED that Minden is awarded reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 of an amount to be determined upon separate application within 30 days of entry of this Order; and

IT IS FURTHER ORDERED that Minden shall submit, with its calculation of costs and fees, a proposed form of Judgment.

/s/ Kevin McNulty

**Hon. Kevin McNulty
United States District Judge**

8